| | | |
|---|---|---|
| MALCOLM MAJESKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 11-cv-5211 |
| STERN PROCESS AND INVESTIGATION, LLC, | ) | |
| TODD M. MARTINSON, CHICAGO POLICE | ) | |
| OFFICER C. LOPEZ (Badge #18527), and THE | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | Judge Sharon Johnson Coleman |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Malcolm Majeske ("Majeske"), filed a complaint against Chicago Police

Officer C. Lopez pursuant to 42 U.S.C. § 1983 alleging false arrest, and against process server

Todd Martinson ("Martinson"), and Stern Process and Investigation, LLC ("Stern Process"), for

false imprisonment. Defendants Lopez [69] and Martinson and Stern Process [65] move

separately for summary judgment because the undisputed facts show that Officer Lopez had

probable cause to arrest Majeske. For the reasons stated below, this Court grants defendants'

motions for summary judgment. Additionally, Majeske's claim against the City of Chicago under

the Illinois Civil Rights Act of 2003 also fails where there is no evidence that the City subjected

Majeske to racial discrimination.

**Local Rule 56.1**

Majeske failed to comply with Local Rule 56.1(b)(3)(A) and (B), which require the party

opposing a motion for summary judgment to serve and file a concise "response to each

1

numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(A), (B). Majeske also failed to comply with Local Rule 56.1(b)(3)(C) by omitting citations to the record for many of his proffered "additional facts".

By rule, an opposing party's failure to properly respond to each statement of material fact proffered by the movant in the manner dictated by the Rule results in those facts being deemed admitted for purposes of the motion for summary judgment. LR 56.1(b)(3)(C); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("Local Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert facts as set forth in the moving party's statement in the manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion); *Stallings v. Cook County*, 2013 WL 3669623, at *1-2 (N.D.Ill. 2013). This Court will therefore deem admitted the facts as set forth in defendants' LR 56.1(a)(1)(3) statements of undisputed material fact.

**Background**

On May 10, 2009, Malcolm Majeske returned to his home at 1734 W. Albion Street in Chicago, Illinois to find Todd Martinson, a process server with Stern Process, ringing his doorbell to serve process on Majeske in a lawsuit unrelated to the one at bar. Majeske was aware that he had been named in a lawsuit and that Martinson was a process server. Majeske asked him to leave his property. Martinson checked the name on the mailbox, told Majeske that he was served, and left the summons on the stoop outside Majeske's front door.

Martinson returned to his car, which was parked in front of Majeske's apartment building, after leaving the summons on the stoop. At this point, Majeske admitted in his deposition that he was "pissed." Majeske took the summons and then followed Martinson to his

car to take a picture of him. Martinson was already in his car when Majeske reached the street. Majeske kicked Martinson's car as Martinson began to drive away. Martinson stopped the car and Majeske cursed at Martinson, in a manner indicating that he was upset by the service of summons or the manner in which it was served.

Martinson was in fear for his safety when he drove away and immediately called 311 for assistance. In the phone call, Martinson informed the operator that he was a private process server who had felt threatened by the person he had executed service on. The operator asked for a description of the person, to which Martinson responded with Majeske's apparent race, height, age, and clothing. The information and call was then transferred to a dispatcher for the Chicago Police Department. The dispatcher assigned defendant Officer Lopez's beat to follow up on the complaint.

Martinson had stayed near the vicinity of Majeske's residence and was available to speak to Officer Lopez upon his arrival to follow up on the dispatch. Martinson told Lopez that Majeske had come at him in a threatening way, causing him to be in fear of being harmed, and that Majeske kicked his car twice, causing damage. Officer Lopez observed the damage to the car. After speaking with Martinson, Lopez called for an additional vehicle because the information he received indicated that the offender might be aggressive towards him and his partner.

Officer Lopez went to Majeske's address and inquired about his behavior towards Martinson. After Majeske admitted to kicking the car, Officer Lopez placed him under arrest and in handcuffs. While still on scene, Martinson signed criminal complaint forms containing the information and charges for simple assault and criminal damage to property. Thereafter, Majeske

filed a complaint for false arrest in violation of his civil rights pursuant to section 1983 and common law false imprisonment by Martinson and Stern Process.

**Legal Standard**

A party is entitled to summary judgment if all of "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment the Court construes all reasonable inferences in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F. 3d 763, 773 (7th Cir. 2005). The party who bears the burden of proof on an issue may not rest on the pleadings or presumptions, but must affirmatively demonstrate that there is a genuine issue of fact that requires a trial to resolve. *Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

**Discussion**

Defendants, Lopez, Martinson and Stern, move for summary judgment asserting that Majeske's claims for false arrest and false imprisonment fail because Officer Lopez had probable cause to arrest Majeske. Probable cause is an absolute bar to section 1983 claims for false arrest. *Mustafa v. City of Chicago,* 442 F.3d 544, 547 (7th Cir. 2006). "Probable cause for arrest exists if, at the moment the arrest was made, the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent person in believing that an offense has been committed." *Hughes v. Meyer*, 880 F.2d 967, 969 (7th Cir. 1989) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "Whether a police officer acted in probable cause is determined based on the common-sense interpretations of reasonable police officers as to the totality of the circumstances at the time of arrest." *U.S. v. Villegas*, 495 F.3d 761, 770 (7th Cir. 2007). Majeske has the burden of establishing the absence of probable

cause because he is claiming that Lopez arrested him without probable cause. *McBride v. Grice*, 576 F.3d 703, 706 (7th Cir. 2009).

Here, the undisputed facts establish that Officer Lopez had probable cause to arrest Majeske for both simple assault and criminal damage to property. In Illinois, a person commits an assault when he or she acts in a way that places another person in apprehension of receiving a battery. 720 Ill. Comp. Stat. 5/12-1(a). While words alone are rarely sufficient to constitute an assault, a verbal threat combined with a gesture may be assault. *See, e.g., Abbot v. Sangamon County, Ill., et al.,* 705 F.3d 706, 715 (7th Cir. 2013) (holding probable cause existed to arrest the plaintiff for assault where he verbally threatened animal control officers while making a fist). In Illinois a person commits criminal damage to property when he "knowingly damages any property of another." 720 Ill. Comp. Stat. 5/21-1(1)(a).

It is undisputed that at the time of Majeske's arrest, Officer Lopez was aware that Majeske had verbally threatened and intimidated Martinson, kicked his vehicle, and that Martinson considered the threat sufficiently serious to warrant calling the police. Officer Lopez responded to dispatch for assistance for an incident involving a process server attempting to serve an individual who then threatened the process server and damaged his car. Upon arrival at the scene, Officer Lopez verified this information with Martinson. The facts show that Majeske threatened Martinson verbally, followed him to his car, continued to threaten him, and kicked his car at least once. Majeske admitted these facts to Officer Lopez at the scene. Thus, this Court finds that the undisputed facts show that Officer Lopez had probable cause to arrest Majeske for both simple assault and criminal damage to property. Officer Lopez is entitled to judgment as a matter of law. This Court need not address whether Officer Lopez would be entitled to qualified

immunity because this Court has already found that probable cause existed for the arrest and probable cause is a complete bar to a false arrest claim under section 1983.

A claim for false imprisonment, under Illinois law, requires a plaintiff to prove that he was restrained or arrested by the defendants and that the defendants acted without having reasonable grounds to believe that the plaintiff committed an offense. *Ross v. Mauro Chevrolet*, 369 Ill.App.3d 794, 798 (1st Dist. 2006); *Reynolds v. Menard, Inc.,* 365 Ill.App.3d 812, 819 (1st Dist. 2006). Similar to his false arrest claim against Lopez, to prevail on his false imprisonment claim against Martinson and Stern Process, Majeske must prove facts establishing the absence of probable cause for his arrest. *See Boyd v. City of Chicago,* 378 Ill.App.3d 57, 70 (1st Dist. 2007). Furthermore, Majeske can sustain his false imprisonment claim against a private entity such as Stern Process and Martinson, only if he can prove that Martinson either directed the police to make the arrest or Martinson's complaint was the sole basis for the arrest. *Id.*

Here, the undisputed facts as discussed above demonstrate that Officer Lopez had probable cause to arrest Majeske for assault and criminal damage to property. Additionally, the undisputed facts show that Martinson only reported the incident to the police. It is clear from the evidence that the police relied, not only on Martinson's complaint, but own Majeske's own behavior and admission at the scene. Therefore, Stern Process and Martinson are also entitled to summary judgment in their favor. *See Stokes v. Board of Educ. of the City of Chicago*, 599 F.3d 617, 626 (7th Cir. 2010) ("The fact that Banks had probable cause to sign the criminal complaints for the Stokes' arrest means that defendants are also entitled to summary judgment on these supplement state-law claims.").

Lastly, the City of Chicago is entitled to summary judgment on Majeske's claim under the Illinois Civil Rights Act of 2003 because there is no evidence from which a reasonable jury

could fine that Majeske was falsely arrested or discriminated against because of his race. The Illinois Civil Rights Act applies to programs or activities offered by the City of Chicago and does not mention of arrests. *See* 740 Ill. Comp. Stat. 23/5(a). Moreover, Majeske appears to have abandoned this claim by not addressing it at all in his brief in opposition to the instant motions for summary judgment. Accordingly, this Court finds that the City is entitled to judgment as a matter of law.

**Conclusion**

Based on the reasons stated herein, this Court grants defendants Lopez and the City of Chicago's motion for summary judgment [69] and also grants defendants Martinson and Stern Process and Investigation LLC's motion for summary judgment [65]. Civil case terminated.

IT IS SO ORDERED.

Date:   December 16, 2013

Entered: _____
                    United States District Judge